IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH J. TAGGART,** : | | |
| Appellant, : | **CIVIL ACTION** | |
| : | | |
| v. : | **No. 22-1823-JMY** | |
| : | | |
| **CITY OF PHILADELPHIA, et al.,** : | | |
| Appellees. : | | |

## ORDER

**AND NOW**, this 8th day of December, 2022, upon consideration of Appellant Kenneth J. Taggart's (hereinafter, "Taggart") Brief (ECF No. 12), Appellee United States Trustee Andrew R. Vara's Brief (ECF No. 13), Appellee City of Philadelphia's Brief (ECF No. 14), and Appellant Taggart's Reply Brief (ECF No. 17), it is hereby **ORDERED** that the decision and May 4, 2022 order entered by the Honorable Ashley M. Chan, United States Bankruptcy Judge, dismissing Taggart's voluntary bankruptcy petition filed under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Petition") are **AFFIRMED.**[1]

The Clerk of Court shall mark this matter **CLOSED**.

**IT IS SO ORDERED.**

BY THE COURT:

_/s/ John Milton Younge_
**JUDGE JOHN MILTON YOUNGE**

---

[1]**FACTUAL BACKGROUND:**
Taggart filed his Petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Philadelphia Division (the "Bankruptcy Court")—which was docketed as *In re Taggart* 21-12476-AMC. On May 4, 2022, United States Bankruptcy Judge Ashley M. Chan dismissed Taggart's chapter 11 case—citing the absence of a reasonable likelihood of rehabilitation of the estate. (Taggart Exhibits, Ex. A-5, Tr. 13:14-16, p. 14, ECF No. 10-5.)  On May 10, 2022, Taggart filed a timely *pro se* notice of appeal—arguing that the Bankruptcy Court should have dismissed his Petition subject to Taggart's proposed conditions (i.e., granting his "structured dismissal" of the case) and that the Bankruptcy Court deprived Taggart of his due process rights by not providing a formal hearing on his proposed structured dismissal. (Appellant Brief, p.

9, ECF No. 12.)  This Court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. L.R. 7.1(f).  For the reasons set forth below, Judge Chan's dismissal of Taggart's Petition and his chapter 11 case will be affirmed.

## LEGAL STANDARD:

In an appeal from a bankruptcy court's decision, the district court applies two different standards of review.  The district court reviews the bankruptcy court's factual findings under a clearly erroneous standard.  *In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d Cir.1989); *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 138 S. Ct. 960, 966 (2018), Bankr. Rule 8013.  A bankruptcy court's conclusions of law, however, are subject to *de novo* review. *Id.*  A finding is clearly erroneous only if it "either is completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data." *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1223 (3d Cir. 1995).

Dismissal of a chapter 11 petition is reviewed for abuse of discretion. *See In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999).  Similarly, the Seventh Circuit persuasively instructs, "where the bankruptcy code commits a decision to the discretion of the bankruptcy court, we review that decision only for an abuse of discretion." *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009).  A court abuses its discretion when it, "bases its opinion on a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact." *In re Prosser*, 777 F.3d 154, 161 (3d Cir. 2015) (citation omitted).  Further, "[u]nder the deferential abuse of discretion standard, [the Third Circuit] will reverse 'only where the…court's decision is arbitrary, fanciful, or clearly unreasonable—in short, where no reasonable person would adopt the…court's view.'" *In re VistaCare Grp., LLC*, 678 F.3d 218, 232 (3d Cir. 2012).

Finally, this Court "may affirm on any ground supported by the record," even if it was not relied on by the bankruptcy court.  *See Otto v. Pa. State Educ. Ass'n-NEA*, 330 F.3d 125, 140 n.17 (3d Cir. 2003).

## DISUCSSION

This Court will first review the Bankruptcy Court's decision to dismiss Taggart's Petition for abuse of discretion.  Next, this Court will address Taggart's arguments: (1) that the Bankruptcy Court should have dismissed his Petition subject to Taggart's proposed conditions; and (2) that the Bankruptcy Court deprived Taggart of his due process rights.

### A.  The Bankruptcy Court's Dismissal of Taggart's Petition

Taggart first challenges the Bankruptcy Court's dismissal of his Petition and case. As discussed above, this Court reviews a bankruptcy court's dismissal of a Chapter 11 petition for abuse of discretion.  As the relevant statute instructs: "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…." 11 U.S.C. § 1112(b)(1).  The statute goes on to provide multiple examples of "cause" including: "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." *Id.* § 1112(b)(4)(A).

Regarding the first half of § 1112(b)(4)(A)—"substantial or continuing loss to or diminution of the estate"— the Third Circuit noted that "[t]he record fully supports the Bankruptcy Court's conclusion that the value of the estate was diminishing" as evidenced by the fact that "there was an average negative cash flow over the last six months of the case." *In re Alston*, 756 F. App'x 160, 164 (3d Cir. 2019).  Here, Judge Chan correctly concluded that Taggart's estate was diminishing as evidenced by the facts that Taggart did not appear to have sufficient income to pay his debts (Taggart Exhibits, Ex. A-5, Tr. 13:11-14, p. 14, ECF No. 10-5) and that three of Taggart's four most recent Monthly Operating Reports—December 2021, January 2022, and

March 2022—each demonstrated a net loss of income. (ECF. No. 98 (Dec '21), ECF No. 167 (Jan. '22), and ECF No. 200 (Mar. '22), EDPA Bankruptcy Docket: 21-12476-AMC).

Regarding the second half of § 1112(b)(4)(A)—"the absence of a reasonable likelihood of rehabilitation"—Taggart concedes that his "case lacks a reasonable likelihood of rehabilitation due to extenuating circumstances regarding final resolution of litigation pertaining to several properties." (Taggart Exhibits, Ex. A-3, ¶ 27, p. 7, ECF No. 10-3.)  Further, the Third Circuit has reiterated that "the '[i]nability to effectuate a plan' remains a viable basis for dismissal because the listed examples of cause are not exhaustive." *In re Am. Cap. Equip., LLC*, 688 F.3d 145, 162 (3d Cir. 2012) (citation omitted).  Here, Taggart "contends the likelihood of rehabilitation due to the on-going and unresolved litigation, including pending appeals, prevents any plan from being developed soon due to unknown factors and resolution of several lawsuits involving four properties….The litigation is expected to continue for several years." (Taggart Exhibits, Ex. A-3, ¶¶ 20-21, p. 6, ECF No. 10-3.)  Stated differently, Taggart was unable to effectuate a plan, and that, alone, provided "cause" and sufficient basis for dismissal.

Despite this Court's determination that the Bankruptcy Court had "cause" to dismiss Taggart's Petition and chapter 11 case, the statute does preclude the Bankruptcy Court from dismissing a chapter 11 case if the court finds the following: (1) "unusual circumstances"; (2) "establishing that…dismissing the case is not in the best interests of creditors and the estate"; (3) "there is a reasonable likelihood that a plan will be confirmed…within a reasonable period of time"; and (4) "the grounds for…dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)." 11 U.S.C. §§ 1112(b)(2)(A) & (B).  As Judge Chan noted in the May 4, 2022 hearing, "The Court is going to dismiss the case pursuant to 1112(b)(4)(A) as [Taggart's] case lacks a reasonable likelihood of rehabilitation." (Taggart Exhibits, Ex. A-5, Tr. 13:14-16, p. 14, ECF No. 10-5.)  Thus, the grounds for dismissal had been for cause under § 1112(b)(4)—meaning that the aforementioned exception precluding the Bankruptcy Court from dismissing the case did not apply.

Taken together, Judge Chan had "cause" to dismiss Taggart's Petition and case—as evidenced by a continuing loss to the estate, an unlikely ability to rehabilitate the estate, the inability to effectuate a plan, and this Court's determination that the 1112(b)(2) exception to dismissal did not apply.

    **B.  <u>The Bankruptcy Court's Refusal to Accept Taggart's Structured Dismissal</u>**

Taggart next challenges the Bankruptcy Court's refusal to adopt his proposed structured dismissal of his chapter 11 case.  As discussed above in connection with the Seventh Circuit's persuasive guidance, this Court will review the Bankruptcy Court's decision to dismiss the case without any conditions for abuse of discretion.  Here, the bankruptcy court's choice and discretion regarding how to dispose of a chapter 11 case can be found directly in the statute.  After all, though "the dismissal of a case…revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case," such a return to the status quo is inherently discretionary as the decision is contingent on whether "the [bankruptcy] court, for cause, orders otherwise." 11 U.S.C. § 349(b).

In this case, Taggart has not proffered any compelling reasons why Judge Chan's dismissal without conditions was arbitrary, fanciful, or clearly unreasonable.  As previously noted, the multi-factor test for precluding a bankruptcy court from dismissing a case involves a finding or identification of "unusual circumstances establishing that…dismissing the case is not in the best interests of creditors and the estate." 11 U.S.C. §§ 1112(b)(2).  However, even Taggart concedes that, "there would have been no distinguishable net loss, nor net gain, for any creditor between the dismissal or structured dismissal. Said differently, no party would have suffered any loss, or gain, as a result of the structured dismissal being granted." (Appellant Brief, p. 8, ECF No. 12.)  Thus, Judge Chan's opting for outright dismissal over Taggart's structured

dismissal with proposed conditions—neither of which is better or worse for the creditors—is not inherently erroneous, unreasonable, or an abuse of discretion simply because Taggart does not like or agree with the option selected by Judge Chan.

Taken together, Judge Chan did not abuse her discretion when she rejected Taggart's structured dismissal.

### C. The Bankruptcy Court's Alleged Deprivation of Taggart's Due Process Rights

Finally, Taggert alleges that his due process rights were violated when he was given "no meaningful hearing…to make argument before a decision was rendered." (Appellant Brief, p. 13, ECF No. 12.)   As the U.S. Supreme Court highlights: "Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950).  In this case, Taggart had an opportunity to be heard.  Though the structured dismissal was technically not slated to be heard at the May 4, 2022 hearing, Taggart was still given an opportunity to discuss his structured proposal at the hearing:

> So in the short term, I've conceded. And it's evident that even though a reorganization is not possible in the short term because of the State litigation issues that are under appeal and would be needed for a reorganization plan that a structured dismissal would be appropriate and in the process attempting to resolve whatever claims that I could, at this time. And that's what I proposed.

(Taggart Exhibits, Ex. A-5, Tr. 10:23-11:4, pp. 11-12, ECF No. 10-5.)

> So based on these circumstances, I've proposed, and it's not before the Court, but I'm just mentioning this because it was in my counter proposal to their dismissal, was that at least part of the debts that could be paid off by the City and the State would be resolved. And also the property I live in there's a judgment, that that property be sold. That would solve that issue at whatever the creditor would obtain via sale. And that's part of the proposal. So that's actually not before the Court, but I'm bringing it up because that's part of the counter claim. That, you know, I'm stating or conceding saying that, okay, yeah, it doesn't look like there is a plan available, but I don't think the case should be dismissed.

(Taggart Exhibits, Ex. A-5, Tr. 12:7-19, p. 13, ECF No. 10-5.)

In addition to presenting his arguments for structured dismissal at the May 4, 2022 hearing, Taggart also submitted a brief in connection with the hearing entitled: "DEBTORS OPPOSITION to CITY OF PHILADELPHIA'S MOTION TO DISMISS and **DEBTORS COUNTER MOTION FOR STRUCTURED DISMISSAL**." (Taggart Exhibits, Ex. A-3, ECF No. 10-3)  (emphasis added).  Further, Judge Chan noted at the start of the hearing: "Well, actually, I'd like to start with the motion to dismiss by the City of Philadelphia. So, Ms. Thurmond, can you – **I read your papers and I understand all the arguments. Did you have anything to add that wasn't included in the papers?**" (Taggart Exhibits, Ex. A-5, Tr. 4:24 - 5:3, pp. 5-6, ECF No. 10-5) (emphasis added).  Relatedly, in Judge Chan's order dismissing the case, it notes: "upon consideration of the Motion to Dismiss filed by the City of Philadelphia…**and any response filed thereto and for the reasons stated in open Court**." (Taggart Exhibits, Ex. A-1, p. 1, ECF No. 10-4) (emphasis added).  These facts are crucial for two reasons.  First, the United States Bankruptcy Appellate Panel of the Ninth Circuit persuasively instructs that the bankruptcy court did not ignore the issues raised by the Debtor—as evidenced by the fact that "Debtor raised them in his papers. And the

bankruptcy court informed counsel, on the record, that 'I have reviewed the papers.'" *In re Mahmood*, No. 2:15-BK-25281-DS, 2017 WL 1032569, at *4 n.3 (B.A.P. 9th Cir. Mar. 17, 2017). Second, the Eighth Circuit seemingly affirmed the notion that § 1112(b) motions "do not require full evidentiary hearings but only an adequate record on which to determine the relevant issues." *Loop Corp. v. U.S. Tr.*, 290 B.R. 108, 115 (D. Minn. 2003), *aff'd,* 379 F.3d 511 (8th Cir. 2004).

Taken together, Taggart has not demonstrated how he was deprived of his due process rights—as he had effectively been given notice of the hearing (which he ultimately attended) and the opportunity to he heard not only in his briefing prior to the hearing, but also in his distillation of his desire for a structured dismissal during the actual hearing.

**CONCLUSION:**

For the foregoing reasons, Judge Chan's dismissal of Taggart's Petition and chapter 11 case will be affirmed.